IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RHONDA RIBARICH,

                                   OPINION AND ORDER

            Plaintiff,

                                   14-cv-735-bbc

    v.

UNITED STATES OF AMERICA
and J. LEONARD SPODEK,

           Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On December 20, 2012, plaintiff Rhonda Ribarich was walking across the parking lot to the United States Postal Service building in Beloit, Wisconsin, when she slipped on a patch of ice and fell, sustaining injuries. Plaintiff is bringing this suit against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346, and against private landowner J. Leonard Spodek, alleging that both may be held liable for her injuries under

---

[1] In her complaint, plaintiff lists "U.S. Postal Service/United States of America" as one defendant. However, plaintiff's claims against the federal government arise under the Federal Tort Claims Act and "[t]he only proper defendant in an FTCA action is the United States." Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). Accordingly, I have omitted "U.S. Postal Service" from the caption.

1

common law negligence and the Wisconsin Safe Place Statute. Wis. Stat. § 101.11.

Currently before the court are the government's motion to dismiss the Safe Place Statute claim set out in count II of the complaint, dkt. # 5, and defendant Spodek's motion to join the government's motion and to dismiss the same claim as to him. Dkt. # 7. I will grant the motion to join, but will deny the motion to dismiss on its merits as to defendant Spodek. The government argues that it cannot be held liable under the Wisconsin Safe Place statute because that statute applies only to "employers" and "owners" of a "place of employment" or a "public building" and the United States Postal Service parking lot is neither a "public building" nor a "place of employment" within the meaning of the statute.

Plaintiff did not respond to the argument that the parking lot is not a public building, so I will grant defendants' motion as to that issue. Wojtas v. Capital Guardian Trust Co., 477 F.3d 924, 926 (7th Cir. 2007) ("A failure to oppose an argument permits an inference of acquiescence and acquiescence operates as a waiver.") (internal quotations omitted). I need not decide whether the parking lot where the accident occurred could qualify as a "place of employment" within the meaning of the Safe Place statute under any circumstances, but I am granting the government's motion because I conclude as a matter of a law that the Postal Service is not an "owner" or "employer" of a "place of employment." However, I am denying the motion as to defendant Spodek because he may be an owner or employer of a place of employment even if the government is not. Accordingly, he will have

2

to file his own motion if he believes the Safe Place claim against him should be dismissed.

OPINION

The Wisconsin Safe Place statute provides that "[e]very employer and every owner of a place of employment or a public building . . . shall so construct, repair, or maintain such place of employment or public building as to render the same safe." Wis. Stat. § 101.11(1). The statute defines a place of employment as "every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade, or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade, or business, is carried on, and where any person is, directly or indirectly, employed by another for direct or indirect gain or profit. . . ." Wis. Stat. § 101.01(11).

The question raised by the government's motion is whether the Postal Service is an employer or an owner of a place of employment. In support of its motion, the government makes two arguments: 1) because plaintiff did not allege in her complaint that the post office is a place of employment, this court should disregard her arguments on that point; and 2) the post office cannot be a place of employment within the meaning of the statute because the Postal Service is a governmental organization that is not operated for profit.

3

### A. Notice of the Claim

In its opening brief in support of its motion to dismiss, the government argued that the Safe Place Statute could not apply because the post office parking lot is neither a public building nor a place of employment as defined in the statute. However, in its reply brief, the government argued for the first time that the court should not consider whether the post office is a place of employment because plaintiff did not include this issue in her complaint. Dft.'s Reply Br., dkt. # 13, at 3.

I am rejecting the government's second argument for several reasons. First, the government raised this argument for the first time in its reply brief. Narducci v. Moore, 572 F.3d 313, 324 (7th Cir. 2009) )(district court entitled to find that argument raised for first time in reply brief is forfeited). Second, the purpose of Rule 8 is to give defendants notice of the plaintiff's claim. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). By arguing in its opening brief that the post office is not a place of employment, the government conceded that it knew that plaintiff's complaint was raising that issue, so it cannot argue successfully that it was caught off guard. Finally, even if I agreed with the government that plaintiff should have been more specific in her complaint, that problem could be remedied easily with an amendment. Accordingly, I decline to dismiss this claim on the ground that plaintiff did not provide adequate notice.

B.  Merits

1.  Relevant law

a.  American Exchange Bank

In arguing that the Postal Service may be held liable under the Safe Place statute, plaintiff relies on American Exchange Bank of Madison v. United States, 257 F.2d 938 (7th Cir. 1958).  In that case, the court held that

> [t]here can be no question . . . that the post office in Madison was a place of employment. . . .The Madison post office provided all the usual services of a post office. Over 1100 post office boxes were located therein and at least seventy-five persons were employed on the premises. Certainly, a trade or business was being carried on. In addition, the building provided rooms for the Department of Justice, and for the United States district Court and offices pertaining to the operation of that Court.

Id.  Without conducting their own analyses, other district courts have relied on American Exchange Bank to find that other post offices in the state qualify as a "place of employment" under the Safe Place statute.  E.g., Bean v. United States, 219 F. Supp. 8, 10 (E.D. Wis. 1963); O'Melia v. United States, 195 F. Supp. 174, 175 (E.D. Wis. 1961).

The problem with American Exchange Bank and its progeny is that they disregarded a key part of the statute.  The fact that the defendant has employees and engages in business is not enough to qualify as an "employer"; the employer must also be acting "for direct or indirect gain or profit."  Wis. Stat. § 101.11(1).  In cases decided after American Exchange Bank, Wisconsin courts have "consistently held that in order to be a place of employment

5

under [the Safe Place statute], a building must be used for a profit making enterprise." Ruppa v. American States Insurance Co., 91 Wis. 2d 628, 639, 284 N.W.2d 318, 322 (1979). See also Voeltzke v. Kenosha Memorial Hospital, Inc., 45 Wis. 2d 271, 278, 172 N.W.2d 673, 676 (1969) ("The critical factor here, place of employment, is dependent on the profit motive of the defendant."); Haerter v. West Allis, 23 Wis. 2d 567, 570, 127 N.W.2d 768, 770 (1964) ("In the absence of a showing of the profit motive on the part of the city, the city will not be held to the higher standard of care required by the safe-place law."); Kelbley v. Tower Insurance Co., 1989 WL 154395, *3, 152 Wis. 2d 772, 450 N.W.2d 254 (Ct. App. 1989) (unpublished) ("'[P]lace of employment' requires the employment be for 'gain or profit.' The profit motive refers to that of the employer, not that of the employee."); Schmorrow v. Sentry Insurance Co., 138 Wis. 2d 31, 42, 405 N.W.2d 672, 677 (Ct. App. 1987) ("profit motive" is the "critical factor").

Because the court did not consider in American Exchange Bank whether the Postal Service had a profit motive, in more recent decisions district courts have questioned whether the case remains good law and some courts have declined to follow it. Society Insurance v. United States, No. 11-cv-301-bbc (W.D. Wis. June 12, 2012) (Crabb, J.) ("I doubt that American Exchange Bank would stand in light of the Wisconsin Supreme Court's subsequent construction of the safe place statute."); Burroughs v. United States, 2005 WL 1793590, *1 at n.1 (E.D. Wis., July 27, 2005) ("I conclude that American Exchange Bank is no longer

6

good law."); Brooks v. United States, 91-cv-142-jcs (W.D. Wis. Oct. 24, 1991) (Shabaz, J.) ("In light of the numerous subsequent Wisconsin Supreme Court holdings that non-profit operations can never constitute a place of employment, this court declines to apply American Exchange Bank to this [slip and fall in the post office parking lot] case."). Because I am required to interpret a Wisconsin statute as the Wisconsin Supreme Court would interpret it, James Michael Leasing Co. LLC v. PACCAR, Inc., 772 F.3d 815, 820 (7th Cir. 2014), I conclude that I must follow Ruppa and the other Wisconsin cases rather than American Exchange Bank.

b. Application of the Safe Place statute to governmental organizations

Although Wisconsin law is clear that a defendant cannot be held liable without a profit motive, there is some uncertainty regarding how that standard is applied in the context of governmental organizations. In Ruppa, 91 Wis. 2d at 639, 284 N.W.2d at 322, the state supreme court held that "[i]nstitutions operated by nonprofit or governmental organizations are not places of employment," suggesting that all governmental organizations are excluded categorically from the Safe Place statute. Id. (emphasis added). Other cases have suggested a similar bright-line rule. Presser v. Siesel Construction Co., 19 Wis. 2d 54, 64, 119 N.W.2d 405, 411 (1963) (construction site was not place of employment because it was "under the sole control of the government"); Kelbley, 1989 WL 154395, at *3 ("[A] long

7

line of cases exempts municipal corporations from the provisions governing places of employment."); Burroughs, 2005 WL 1793590, *1 at n.1 (concluding that post office was not place of employment because "Ruppa states that institutions operated by governmental organizations are not places of employment").  However, in other cases, the supreme court has stated that some publicly-owned entities may be held liable under the Safe Place statute and that courts should conduct an individualized inquiry to determine whether the intent of a particular organization is to make a profit.  Leitner v. Milwaukee County, 94 Wis. 2d 186, 191, 287 N.W.2d 803, 805 (1980) ("Because the premises are owned by a county does not, Ipso facto, mean that they are not a place of employment.").

I need not resolve any tension that may exist between cases such as Ruppa and Leitner.  Regardless whether all government organizations are exempt from the Safe Place statute or whether courts are required to determine whether the particular organization has a profit motive, I conclude that the United States cannot be held liable under the Safe Place statute.

2. Governmental organization

The Postal Service was created by Congress, U.S. Const. Art. I, § 8, cl. 7, which itself is an indication that the Postal Service is a governmental organization.  However, plaintiff points to 39 U.S.C. § 201, which states that "[t]here is established, as an independent

8

establishment of the executive branch of the Government of the United States, the United States Postal Service." Plaintiff focuses on the phrase "independent establishment," arguing that the phrase indicates that the Postal Service "is not controlled or operated by the federal government, but is independent therefrom." Plt.'s Br., dkt. #8, at 5. The government contends that plaintiff's construction reads out the rest of the section, namely, "of the executive branch of the Government of the United States." Dft.'s Br., dkt. #13, at 6.

The Supreme Court of the United States has rejected plaintiff's interpretation of the statute:

> The statutory designation of the Postal Service as an "independent establishment of the executive branch of the Government of the United States" is not consistent with the idea that it is an entity existing outside the Government. The statutory instruction that the Postal Service is an establishment "of the executive branch of the Government of the United States" indicates just the contrary. The PRA [Postal Reorganization Act] gives the Postal Service a high degree of independence from the other offices of Government, but it remains part of the Government.

United States Postal Service v. Flamingo Industries, (USA) Ltd., 540 U.S. 736, 746 (2004). Because the United States Supreme Court has found as a matter of law that the Postal Service is "part of the government," it follows that the Postal Service is a "governmental organization" under Ruppa. Therefore, it cannot be sued under the Safe Place statute. Although the Supreme Court was considering the scope of immunity under antitrust laws rather than applying Wisconsin's Safe Place statute, I see no suggestion in the decision that

the Court would find that the Postal Service is a government agency for some purposes but not others.

3. Operated for profit

Even if I assume that some governmental organizations could be held liable under the Safe Place statute, the Postal Service is not one of those organizations because it is not a profit-making enterprise. Operating so as to cover costs or the actual existence of a profit is not enough to make it a profit-making enterprise under the state statute. Voeltzke, 45 Wis. 2d at 281, 172 N.W.2d at 678.

The Postal Reorganization Act, 39 U.S.C. § 101, makes it clear that the purpose of the Postal Service is not to generate profits. The law requires the Postal Service to prioritize service over costs, 39 U.S.C. § 101(a) ("[t]he costs of establishing and maintaining the Postal Service shall not be apportioned to impair the overall value of such service to the people"), to maintain branches that are losing money, 39 U.S.C. § 101(b) ("[n]o small post office shall be closed for operating at a deficit") and to deposit revenues in a fund used to carry out the duties of the Postal Service. 39 U.S.C. § 2003(b). In addition, the law limits the Postal Service's discretion in setting rates. 39 U.S.C. § 2003(c) (dictating what factors the Postal Regulatory Commission may take into account when setting rates). In other words, the statutory purpose of the Postal Service is to provide a public service, not to make money.

The Supreme Court confirmed this view when it stated that "[t]he Postal Service has different goals, obligations, and powers from private corporations. Its goals are not those of private enterprise. The most important difference is that it does not seek profits, but only to break even." Flamingo Industries, 540 U.S. at 747.

Plaintiff says that discovery is needed to determine whether the Postal Service is truly a governmental organization that is not run for profit. Although plaintiff does not cite any authority, some support for that view may be found in Leitner, 94 Wis. 2d at 191, 287 N.W.2d at 805, in which the court concluded that it was inappropriate to determine in the context of a motion to dismiss whether a publicly owned county zoo had a profit motive. Although Leitner may provide the general rule, I do not think that aspect of Leitner applies in this case. Congress has made the determination as a matter of law that the Postal Service is governmental organization that is not operated for profit, so discovery would be a pointless exercise.

### C.  Application of the Government's Motion to Spodek

Defendant Spodek did not file a brief in support of his own motion to dismiss the Safe Place claim against him; he simply joined the government's brief. Plaintiff suggested in her opposition brief that the determination whether Spodek may be held liable under the Safe Place statute might be different from the determination of the Postal Service's liability.

11

In particular, plaintiff argues that, as the owner of the property, defendant Spodek could be involved in a profit-making enterprise. Plt.'s Br., dkt. # 8, at 3.

Of course, the government did not discuss in its opening brief whether Spodek may be an owner or employer of a place of employment. Rather, the government's arguments were limited to the Postal Service. Perhaps realizing that he could not piggyback on the government's arguments, Spodek filed his own reply brief, explaining why he did not believe that he was an owner or employer of a place of employment under the Safe Place statute. However, that was too late; a party cannot raise new issues in a reply brief. Carter v. Tennant Co., 383 F.3d 673, 679 (7th Cir. 2004). If Spodek wishes to dispute his liability under the Safe Place Statute, he will have to file his own motion.

ORDER

IT IS ORDERED that

1. Defendant J. Leonard Spodek motion's motion to join defendant United States of America's motion to dismiss plaintiff Rhonda Ribarich's Safe Place claim (count II of the complaint), dkt. #7, is GRANTED.

12

2. Defendants' motion to dismiss count II of plaintiff's complaint, dkt. # 5, is GRANTED as to defendant United States and DENIED as to defendant Spodek.

Entered this 24th day of March, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge